# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00146-CR

**Carla Deann Rolla, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-02-052, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## S U P P L E M E N T A L   M E M O R A N D U M   O P I N I O N

The dissent has worked hard to make things appear what they are not. Because the dissent does not acknowledge the facts, I write separately for the record.

The facts are these:

- This Court did not receive a trial court certification of the appellant's right to appeal;

- The clerk of this Court notified the district court clerk and requested a supplemental record containing the certification;

- In response, the district court clerk submitted a notarized "appeal status notice" stating that the record did not contain a certification and that she was unable to comply with this Court's request because the district judge had instructed her that it was not required in that category of cases;[1]

---

[1] A copy of the district clerk's notarized letter is included in the record on appeal and was quoted in the memorandum opinion.

- As a presubmission matter typically handled between clerks, by memorandum opinion we directed the district court to file a supplemental record including a certification.[2]

The dissent, however, misstates the facts and ignores the rules of appellate procedure and this Court's longstanding practice in handling presubmission matters in criminal cases in an apparent effort to conceal the improper communications between the district judge and justices on this Court.

By appellate rules and this Court's longstanding practice, lack of an appeal certification is a presubmission matter that may be handled by a single justice or panel. Contrary to the dissent's suggestion, there was not a "continuing disregard," much less a "contravention of and refusal to comply with the rules of appellate procedure and this Court's policies regarding the issuance of opinions." Under the facts of this case, there was no procedural irregularity.

---

[2] The opinion provides in full:

Carla Deann Rolla appeals an order revoking community supervision. The record does not contain the trial court's certification of the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The district clerk has notified this Court that the trial court refuses to prepare a certification because "the certification is not required in [revocation] cases."

Rule 25.2(a)(2) states: "The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt *or other appealable order*." (Emphasis added.) An order revoking community supervision is an appealable order.

The appeal is abated. The trial court is ordered to prepare and file the certification of Rolla's right of appeal as required by rule 25.2(a)(2). A supplemental clerk's record containing the court's certification shall be tendered for filing no later than fifteen days from the date of this opinion. *See* Tex. R. App. P. 34.5(c)(2), 37.1.

2

The dissent further states that his request to withdraw the original opinion was refused. This statement is false. In an effort to resolve this dispute, the majority offered to withdraw the original opinion. It was the dissent who rejected this offer.

It is ironic that on the eve of the release of these opinions, the dissent substantially revised and doubled the length of his opinion, selectively and unnecessarily quoting internal communications among justices of this Court, and then failed to circulate the revised draft to the panel.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed: November 14, 2008

Do Not Publish

3